**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINCY K. BERRY, Petitioner, | : | CIVIL ACTION |
| v. | : | NO. 09-2094 |
| RAYMOND SOBINA, et al, Respondents. | : | |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Quincy K. Berry ("Petitioner"), pursuant to 28 U.S.C. section 2254. Petitioner is currently incarcerated in the State Correctional Institution at Albion. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

**I. PROCEDURAL HISTORY.**[1]

On July 31, 1998, a jury in the Court of Common Pleas of Philadelphia County convicted Petitioner of two counts of robbery, two counts of attempted rape and possession of an instrument of a crime stemming from an incident in which

[1] This information is taken from the Petition for Writ of Habeas Corpus, Respondents' Response, and the exhibits attached to those pleadings.

Petitioner robbed a sixteen and a nineteen year old at gunpoint.[2] On September 23, 1998, the Honorable Patricia McInerney sentenced Petitioner to four concurrent seven to fifteen year prison terms, followed by five years' probation.

Petitioner appealed to the Pennsylvania Superior Court, and on August 3, 2000, the Superior Court affirmed his judgment of sentence. Commonwealth v. Berry, 764 A.2d 1119 (table) (Pa. Super. 2000). Petitioner sought allocatur from the Pennsylvania Supreme Court, which was denied on November 17, 2000. Commonwealth v. Berry, 764 A.2d 1064 (Pa. Nov. 17, 2000). Petitioner's conviction became final on direct review when the time in which he could seek review to the United States Supreme Court expired on February 16, 2001.

Petitioner filed a pro se petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), see 42 Pa. C.S.A. § 9541, on June 1, 2001.[3] Counsel was appointed to

---

[2] The Superior Court's August 3, 2000 opinion stated the facts as follows:

> On August 24, 1997, HW and RR were in a Philadelphia schoolyard when HW saw [Petitioner] pointing a gun at them. HW was sixteen years old; RR was nineteen years old. [Petitioner] demanded HW and RR hand over their possessions, which included HW's jewelry; RR handed [Petitioner] $11. [Petitioner] then ordered HW and RR to remove their clothing and have sex. The victims removed their clothing, then simulated intercourse.

Commonwealth v. Berry, 764 A.2d 1119 (table) (Pa. Super. 2000)(unpublished memorandum).

[3] Petitioner's PCRA petition is stamped that it was received by the Court on June 25, 2001. However, Petitioner failed to date the PCRA petition. Giving Petitioner the benefit of the doubt, we assume that he sent his petition for filing sometime in early June. Therefore, we use June 1, 2001,

represent him and on January 23, 2002, counsel filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).[4] On April 8, 2002, the PCRA court dismissed the petition. Based upon a review of the Superior Court and state court docket entries, it does not appear that Petitioner ever filed an appeal of the denial of his PCRA to the Superior Court.[5]

Petitioner signed his Petition for Writ of Habeas Corpus on April 27, 2009.[6] On May 19, 2009, the Honorable R. Barclay Surrick referred this matter to the undersigned for preparation of a Report and Recommendation. On August 20, 2009, Respondents filed a Response to the Petition for Writ of Habeas

---

as the filing date of his PCRA petition.

[4] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no merit" letter that details the nature and extent of his review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

[5] We note that a review of the Petition in this matter shows that Petitioner is claiming that he appealed his PCRA denial to the Superior Court. See Pet., pp. 6-7. Petitioner claims that the Superior Court decided his appeal in June of 2001. However, after a thorough review of the Superior Court dockets, we believe Petitioner was mistaken in stating that he appealed his PCRA denial to the Superior Court. First, there is no record of such an appeal in the Superior Court dockets. Second, Respondent could find no evidence in the record that such an appeal was taken. See Response, p. 3, n. 3. Third, Petitioner is claiming that he received a result on his alleged Superior Court appeal in June of 2001, which is impossible, since the PCRA court did not even dismiss his PCRA petition until April of 2002. Based on this, Petitioner apparently was incorrect in his assertion that the Superior Court denied his appeal in June of 2001.

For all of the above reasons, we find that Petitioner did not file an appeal to the Superior Court of his PCRA denial.

[6] We note that Petitioner dated his Petition "April 2009." However, the Affidavit accompanying his Motion to Proceed In Forma Pauperis was executed on April 27, 2009.

Corpus, contending that the Petition should be denied as untimely.

## II. DISCUSSION - Habeas Petition.

### A. The Federal Habeas Corpus Petition at Issue is Statutorily Time-barred

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996. Pub.L. 104-132, 110 Stat. 1214. Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[7] In this case, the applicable starting point to examine

[7] 28 U.S.C. section 2244 requires that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on direct review on February 16, 2001, after he failed to seek review by the United States Supreme Court and his time to seek such relief expired. See 28 U.S.C. § 2244(d)(1)(A); 42 Pa. C.S.A. § 9545(b)(3); S. Ct. R. 13(1) (stating that Petitioners have ninety days in which to file a petition for writ of certiorari in the United States Supreme Court). Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on February 17, 2001, and Petitioner had until February 17, 2002, to timely file a federal Petition.

There is an exception in the habeas statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28

---

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

U.S.C. § 2244(d)(2). On June 1, 2001, when Petitioner filed his PCRA petition, approximately three and a half months of the AEDPA statute of limitations had run. Petitioner's PCRA petition, filed on June 1, 2001, was pending until April 8, 2002. Thus, the statute of limitations was tolled from June 1, 2001, until May 9, 2002, when the time for appealing the dismissal of Petitioner's PCRA petition to the Pennsylvania Superior Court ended. See Swartz v. Meyers, 204 F.3d 417, 418 (3d Cir. 2000)(holding PCRA petition is pending during time between lower court ruling on petition and expiration of time for seeking review, even though petitioner does not actually seek such review). Therefore, Petitioner had approximately eight and a half months left on the AEDPA statute of limitations, or until approximately mid-January of 2003 in which to file his federal habeas Petition. Petitioner filed the instant Petition on April 27, 2009, over six years after the expiration of the AEDPA filing deadline. Thus, even with the benefit of statutory tolling, the Petition is time-barred.

Further, Petitioner has failed to present any competent evidence to prove that one of the exceptions contained in §2244(d)(1) allows Petitioner a later accrual date for the AEDPA limitations period. First, Petitioner does not allege that state action in violation of the federal constitution prevented his timely filing of a habeas petition; therefore, section

2244(d)(1)(B) does not apply. Second, section 2244(d)(1)(C) also does not apply, as Petitioner is not relying upon a new rule of retroactively applicable constitutional law. Lastly, Petitioner does not claim that the facts underlying his claim could not have been discovered until a later time; therefore, section 2244(d)(1)(D), which deals with after-discovered "factual predicates," is inapplicable to this matter. Accordingly, Petitioner is not entitled to a later start date under the AEDPA.

**B. The Federal Habeas Corpus Petition at Issue is Not Eligible for Equitable Tolling**

The AEDPA's one-year statute of limitations is also subject to equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

This Court must examine whether the AEDPA statute of limitations should be *equitably* tolled to consider the Petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165

F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (citation omitted). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618 (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy, 240 F.3d at 244. The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his

due diligence. Pace, 544 U.S. at 418; Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001) (Van Antwerpen, J.).

Petitioner provides no reason for his delay in filing the instant Petition. Therefore, equitable tolling is unavailable to him. Davis v. Varner, No. 00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding no equitable tolling where petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to file habeas petition after end of alleged tolling event) and Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(same)).

Further, under the circumstances of this case, Petitioner was not reasonably diligent because a reasonably diligent petitioner would have promptly acted to preserve his rights in this Court. It cannot be said that a petitioner who does not seek habeas relief until over eight years after his conviction becomes final was reasonably diligent. Indeed,

Petitioner fails to allege any steps that he took to timely file the instant federal habeas petition. Thus, any equitable tolling argument fails. Holmes v. Vaughn, No. 01-2565, 2003 WL 23112383, at *6-*7 (E.D. Pa. Nov. 25, 2003). The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

We also find that Petitioner has failed to make the threshold proffer necessary to justify the holding of an evidentiary hearing. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 n.12 (3d Cir. 1991) (petitioner not entitled to evidentiary hearing based on "bald assertions and conclusory allegations"); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same), cert. denied, 484 U.S. 946 (1987); Brown, 669 F.2d at 158 (petitioner bears burden as to all factual and procedural requirements). See generally Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating both entitlement to equitable tolling and his due diligence).[8]

---

[8] As discussed Respondents, even if Petitioner's Petition was not time-barred, his claims are non-cognizable. Petitioner has presented four claims that appear to be based solely on state law: 1) that the trial court lacked subject matter jurisdiction over his case; 2) that the trial judge is civilly liable to him; 3) that the record lacks proof that the judge took her oath of office and posted bond in accordance with the Pennsylvania constitution. "Even if he could establish that actual errors occurred, he cannot obtain habeas relief for errors of state law." See Response, p.5.

In addition, Petitioner never raised any of these claims on direct appeal or during his PCRA proceedings. The claims raised in the instant Petition are therefore unexhausted. Because the time for exhausting his claims in state court has passed, Petitioner's claims contained in the instant Petition are also procedurally defaulted.

Ordinarily, federal habeas review is barred if petitioner has procedurally defaulted. Coleman v. Thompson, 501 U.S. 722 (1991). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred. The Petition is statutorily time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

**III. DISCUSSION - Motion for Relief from Judgment.**

Also pending in this matter is Petitioner's "Motion for Relief of Judgement" (Dkt. No. 2), filed with the Court on May

---

habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Id. at 731-732. The default will be excused if petitioner can demonstrate that a failure to consider his claims will result in a miscarriage of justice. Id. at 750. The United States Supreme Court has repeatedly held that the scope of the miscarriage of justice exception is a narrow one. Sawyer v. Whitley, 505 U.S. 333 (1992); McCleskey v. Zant, 449 U.S. 46 (1991); Dugger v. Adams, 489 U.S. 401 (1989). This exception only applies when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). The Supreme Court has suggested that the test for actual innocence is whether there is "a fair probability that, in light of all the evidence, including that to have been . . . wrongly excluded or to have become available only after trial, the trier of the fact would have entertained a reasonable doubt of his guilt." Kuhlmann v. Wilson, 477 U.S. 436, 454-5 n.17 (1986).

The claims Petitioner seeks to raise in his federal petition were not properly preserved in the state courts and the time for filing a new petition to preserve them has lapsed. There is no basis to find that Petitioner is actually innocent, thus the failure to consider the issues on habeas review will not result in a miscarriage of justice.

13, 2009. A review of this Motion reveals that is apparently a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), as Petitioner cites this rule in his Motion. See Motion, pp. 3-4. In this Motion, Petitioner is claiming that the trial court lacked subject matter jurisdiction over his case, that the trial judge is civilly liable to him, that the trial judge was not a legitimate judicial officer and that the prosecuting attorney was not a legitimate prosecutor. See Motion, pp. 2-14.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P. 60(b).[9] The general premise behind the rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Thompson v. Wydner, No. 05-6779, 2006 U.S. Dist. LEXIS 37176, at *3 (E.D. Pa. June 7, 2006)(DuBois, J.)(quoting Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d

[9] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Cir. 1978)). The decision to grant or deny relief under Fed. R. Civ. P. 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). However, a motion under Rule 60(b) should only be granted where extraordinary circumstances justify such relief. Urban Outfitters, Inc., et al, v. BCBG Max Azria Group, Inc., et al, No. 06-4003, 2008 U.S. Dist. LEXIS 7000, at * 30 (E.D. Pa. Jan. 31, 2008) (Baylson, J.), citing Plisco v. Union Railroad Co., 379 F.2d 15 (3d Cir. 1967) and Sawka v. Healtheast, 989 F.2d 138, 140 (3d Cir. 1993). A motion under Rule 60(b) must be made within a "reasonable time" after the judgment, order, or proceeding was entered. Fed. R. Civ. P. 60(c)(1).

Initially, we consider the timeliness of Petitioner's motion. As discussed above, motions pursuant to Rule 60(b) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). In this case, Petitioner filed his Motion over ten years after his conviction by a jury, and over eight years after his conviction became final on appeal. In the case of United States v. Bohn, No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *31 (E.D. Pa. November 9, 1999)(Van Antwerpen, J.), the Court determined that a Rule 60(b) motion filed approximately one year and seven months after the denial of permission to file a successive habeas petition was not filed within a reasonable amount of time.

United States v. Bohn, 1999 U.S. Dist. LEXIS 18522, at *31-32 (citation omitted). See also Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987)(stating that a Rule 60(b)(6) motion filed nearly two years after the district court's judgment was not made within a reasonable time). Given the case law of this jurisdiction, therefore, Petitioner's Motion is clearly untimely, as it was filed well beyond what courts in this jurisdiction have found to be a "reasonable time." Therefore, Petitioner's Motion must be denied.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 27th day of August, 2009, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. It is FURTHER RECOMMENDED that Petitioner's Motion for Relief of Judgment (Dkt. No. 2) should be DENIED. There is no probable cause to issue a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
United States Magistrate Judge